UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CASE NO: CV-11-01550/RHK/FLN

---

NR86, Inc.,

        Plaintiff,

vs.

K.N. Hitechco., LTD,
aka K.N. Hitech Co., LTD,

        Defendant,

**MEMORANDUM IN SUPPORT OF MOTION FOR PREJUDGMENT GARNISHMENT**

---

Plaintiff, NR86, Inc. (hereinafter referred to as "NR86"), brings this motion pursuant to Federal Rule of Civil Procedure 64 and Minnesota Statutes §§ 571.93 and 571.932. This is a motion requesting the court to grant a prejudgment against defendant. Defendant has admitted that it owes commissions. Defendant has failed to pay the commissions and removed assets from the State of Minnesota during the pendency of this action. If a Prejudgment Garnishment is not granted, all of the potential assets for collection by NR86 could be removed by defendant.

## PROCEDURAL HISTORY

NR86 commenced suit against Defendant by service of the Minnesota State Court Summons and Complaint on May 12, 2011.

Defendant Answered the Complaint on June 6, 2011. In Paragraph 4 of Defendant's Answer, Defendant "admits only that NR86 and Defendant entered into an agreement whereby Defendant agreed to pay NR86 Commissions on certain sales of protective athletic equipment made by Defendant." Defendant also asserts a

Counterclaim against NR86.

NR86 served and filed a Notice of Motion and Motion for Prejudgment Garnishment on Defendant on Friday, June 10, 2011 in state court. The hearing was scheduled on June 15, 2011. On June 13, 2011, Defendant served and filed a Notice of Removal to United States District Court for the District of Minnesota.

## FACTS

NR86 is in the business of designing, developing, commercializing and procuring consumer goods, selling to manufacturers of protective athletic equipment including padded garments and equipment components for football, baseball, hockey, soccer, basketball, and lacrosse. *Affidavit of Patrick Brassill* ¶ 1.

On January 23, 2009, NR86 and Defendant executed a Secrecy and Exclusivity Agreement effective November 15, 2008. In the agreement, Defendant Hitech agreed to protect the confidentiality of all information and NR86's customers. Hitech agreed that it "will not supply or sell any products designed by or introduced to Hitech by NR86 or customers to third parties without prior written consent from NR86, or its assigns."

Historically, a manufacturer such as Nike, Shock Doctor, Riddell and others would come up with an idea and a design for a product, which was too expensive to be manufactured in the United States and then sold in the United States. The manufacturer would come to Pat Brassill with a product and he would refine the design, define the production parameters and schedules. Then his former company would purchase the products from a subcontractor for resale to the U.S. manufacturer at a price that enabled them to maintain their desired profit.

Previously, Patrick Brassill owned a company which who actually buy and sell

products. That company, however, went out of business, primarily because of product ordered and manufactured which a customer then discontinued.

Patrick Brassill started NR86 Inc., which is in the same industry but, NR86, Inc., does not manufacture or purchase the products. Instead of having the risk of holding inventory, NR86 acts as an outside commissioned sales representative. NR86 found customers of products and helped design the products to be manufactured affordably and match the customer with the manufacturer. Defendant, a manufacturer agreed to the arrangement and signed the Secrecy and Exclusivity Agreement. *Affidavit of Patrick Brassill ¶ 2 & Exhibit A; Answer of Defendant - Exhibit X.*

NR86 and the defendant entered into a contract. NR86 would provide customers to defendant for a commission. The commission was to be decided later and the actual amount was not contained within the contract. However, the contract specifically provided that defendant **would not receive the customer identity until the commission was agreed**. *Exhibit A.* Based upon provided forecasts for increased profit for defendant, NR86 proposed and defendant accepted a 10% commission. Defendant told NR86 the commissions would be paid. *Exhibit S*

Defendant then took the customer identities and began manufacturing and selling to the customers. Then, defendant unilaterally attempted to force NR86 to take a reduced commission. *Affidavit of Patrick Brassill ¶ 9 & Exhibit T.*

NR86 provided the identity of the customers and performed pursuant to the contract. NR86 provided pricing to defendant and the pricing established greater profit than defendant expected and which included a 10% commission to NR86. In

defendant's e-mails to NR86, defendant acknowledged the 10% commission. *Exhibits F & I.*

Later, however, contrary to NR86's advice, defendant lowered the pricing to the customers and then unilaterally attempted to lower NR86's commission to 7.5%. NR86 never agreed to the 7.5%. Defendant, however, had taken the benefit of the contract from NR86 without paying NR86 any amounts of commission. Defendant has breached the contract and is liable for conversations since it accepted services from NR86 without paying for same. *Exhibit T.*

Further, defendant has not paid NR86 the amount the defendant admits should be the commission of 7.5%. *Affidavit of Patrick Brassill ¶¶ 23 & 24.*

Immediately after the defendant was served with a summons and complaint, defendant notified the Minnesota-based customer that it wanted its account receivable paid immediately, earlier than it is entitled. *Affidavit of Patrick Brassill ¶ 22.*

## DISCUSSION

Federal Rule of Civil Procedure Rule 64 provides that remedies under the law of the state where the court is located are available to secure satisfaction of the potential judgment, including attachment and garnishment. Fed. R. Civ. P. 64; *see also* International Ass'n of Heat and Frost Insulators and Asbestos Workers, Local Union No. 34, AFL-CIO v. General Pipe Covering, Inc., 613 F.Supp. 858, 105 Lab.Cas. P 12,164 (D.C.Minn.,1985) (The issuance of a writ of attachment is controlled by state law, and Minnesota has always committed the matter to the "sound discretion" of the court citing *Pierse v. Smith*, 1 Minn. 82 (Gil. 60, 63) (1851). - **need more recent**

**authorities**

I.   PREJUDGMENT GARNISHMENT IS PERMITTED UNDER MINNESOTA LAW

Minnesota Statute § 571.93, Subdivision 1 provides that:

> The court may order the issuance of a garnishment summons before judgment or default in the civil action, if a summons and complaint, or copies of these documents, are filed with the appropriate court, and if, upon application to the court, it appears that any of the following grounds exist:
>
>> (2) the debtor has removed, or is about to remove, any of the debtor's nonexempt property from this state, with intent to delay or defraud any of debtor's creditors; or
>>
>> (3) the debtor has converted or is about to convert any of the debtor's nonexempt property into money or credits, for the purpose of placing the property beyond the reach of any of debtor's creditors;

Minn. Stat.§ 571.93, Subd 1

Defendant has removed nonexempt property from this state, with intent to delay or defraud any of debtor's creditors. The removal occurred immediately after service of the summons and complaint. Defendant requested and obtained early payment of its account receivable from Shock Doctor. Significantly, the legislature uses "appears," as the standard. Since defendant removed the funds **early** and **immediately after** service of the summons and complaint, it appears defendant's intent is to continue to delay and defraud NR86.

II.   STANDARDS FOR THE ORDER

Minnesota Statute § 571.932, Subdivision 3 provides the standards for the order:

> An order for prejudgment garnishment may be issued only if the creditor has demonstrated the probability of success on the merits, and the creditor has stated facts that show the existence of at least one of the grounds stated in section 571.93, subdivision 1. However, even if those

5

standards are met, the order may not be issued if:

(1) the circumstances do not constitute a risk to collectibility of any judgment that may be entered; or

(2)(i) the debtor has raised a defense to the merits of the creditor's claim or has raised a counterclaim in an amount equal to or greater than the claim and the defense or counterclaim is not frivolous; and
(ii) the interests of the debtor cannot be adequately protected by a bond filed by the creditor pursuant to section 571.932, subdivision 6, if property is garnished; and

(iii) the harm suffered by the debtor as a result of garnishment would be greater than the harm that would be suffered by the creditor if property is not attached

Minn. Stat.§ 571.932, Subd. 3

NR86 meets the standards for a prejudgment garnishment. NR86 demonstrates the probability of success on the merits. The contract is actually admitted by defendant. Defendant acknowledges that it owes a minimum of a 7.5% commission. Defendant's actions in taking assets out of Minnesota and out of the United States put NR86 at risk. Defendant's counterclaim is frivolous since all the claims relate to a non-party, bankrupt company.

NR86 is therefore entitled to protection pursuant to Minnesota Statute § 571 and a prejudgment garnishment. NR86 respectfully requests a court order providing that it be allowed to garnish of the amount of the commission $121,629.48 to be held by the garnishee pending the outcome of this matter.

standards are met, the order may not be issued if:

(1) the circumstances do not constitute a risk to collectibility of any judgment that may be entered; or

(2)(i) the debtor has raised a defense to the merits of the creditor's claim or has raised a counterclaim in an amount equal to or greater than the claim and the defense or counterclaim is not frivolous; and
(ii) the interests of the debtor cannot be adequately protected by a bond filed by the creditor pursuant to section 571.932, subdivision 6, if property is garnished; and

(iii) the harm suffered by the debtor as a result of garnishment would be greater than the harm that would be suffered by the creditor if property is not attached

Minn. Stat.§ 571.932, Subd. 3

NR86 meets the standards for a prejudgment garnishment. NR86 demonstrates the probability of success on the merits. The contract is actually admitted by defendant. Defendant acknowledges that it owes a minimum of a 7.5% commission. Defendant's actions in taking assets out of Minnesota and out of the United States put NR86 at risk. Defendant's counterclaim is frivolous since all the claims relate to a non-party, bankrupt company.

NR86 is therefore entitled to protection pursuant to Minnesota Statute § 571 and a prejudgment garnishment. NR86 respectfully requests a court order providing that it be allowed to garnish of the amount of the commission $121,629.48 to be held by the garnishee pending the outcome of this matter.

| | |
|---|---|
| Dated: June 24, 2011 | LUNDQUIST LAW OFFICES<br>A Professional Association<br><br>*/s/ Scott B. Lundquist*<br>Scott B. Lundquist (ARN: 143510)<br>510 Grain Exchange Building<br>400 South Fourth Street<br>Minneapolis, Minnesota 55415<br>Telephone (612) 332-0351<br><br>ATTORNEYS FOR PLAINTIFF |