UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NR86, Inc.,                                                Civil No. 11-1550 (JRT/FLN)

                 Plaintiff,

v.                                                 **REPORT AND**
                                                       **RECOMMENDATION**
K.N. Hitechco., LTD.,

                 Defendant.

_____

Scott B. Lundquist for Plaintiff.
Barton C. Gernander for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 8, 2011 on Plaintiff's Motion for Prejudgment Garnishment [#11]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Plaintiff's Motion for Prejudgment Garnishment be **DENIED**.

## I.    BACKGROUND

This action arises out of a dispute over commissions due under a contract between Plaintiff and Defendant. Plaintiff works as an outside commissioned sales representative, whose business is to find customers for athletic equipment products, help design the products to be manufactured affordably, and match the customer with a manufacturer. (ECF No. 13, Brassill Aff. ¶¶ 1, 7.) Defendant is a manufacturer of athletic products with a principal place of business in Thailand. (Compl. ¶ II; Brassill Aff. ¶ 4.) On January 23, 2009, Plaintiff and Defendant executed a Secrecy and Exclusivity Agreement, under which Plaintiff would provide customers to Defendant in return for a commission. (ECF No. 14-1, Brassill Timeline Aff. Ex. A.) The

commission amount was not contained within the Secrecy and Exclusivity Agreement. *Id.* Plaintiff alleges that Defendant agreed to a commission of 10% on all product sales to customers referred to Defendant by Plaintiff. (ECF No. 12, Pl.'s Mem. at 3; Brassill Aff. ¶¶ 9-15.) Plaintiff alleges that Defendant then unilaterally reduced Plaintiff's commission. (Brassill Aff. ¶ 17.) Plaintiff seeks a judgment awarding payment of all unpaid commission. (Compl.)

In its answer, Defendant admits that Plaintiff and Defendant entered into an agreement whereby Defendant agreed to pay Plaintiff commissions on certain sales of protective athletic equipment made by Defendant. (ECF No. 2.) However, Defendant asserts that "the amount of commissions to be paid by Defendant to Plaintiff was to be agreed upon and accepted by both Plaintiff and Defendant for all sales." *Id.*

Plaintiff served the Summons and Complaint on Defendant on May 12, 2011. (ECF No. 13, Brassill Aff. ¶ 22.) Plaintiff's president, Patrick Brassill, asserts, "On May 13, 2011, I learned that Defendant had requested and been granted a $92,000 payment[,] $20,000 of which was in advance of normal payment terms[,] from Shock Doctors, one of the customers under the contract." *Id.* Plaintiff asserts this request for payment was an attempt by Plaintiff to remove assets from Minnesota and from the United States, in order to prevent Plaintiff from recovering damages. *Id.* Plaintiff now seeks an order providing that it be allowed to garnish the amount of commission currently owing to Plaintiff, $121,629.48, to be held by the Shock Doctor pending the outcome of this suit.

## II. LEGAL ANALYSIS

### A.     Standard for Pre-Judgment Garnishment

Federal Rule of Civil Procedure 64(a) provides, "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is

located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a).

Under Minnesota law, a court may order the issuance of a garnishment summons before judgment or default in a civil action, if a summons and complaint has been filed with the appropriate court and it appears that any one of seven grounds exists. Minn. Stat. § 571.93, subd. 1. Plaintiff asserts the following grounds for pre-judgment garnishment:

> (2) the debtor has removed, or is about to remove, any of the debtor's nonexempt property from this state, with intent to delay or defraud any of debtor's creditors;
>
> (3) the debtor has converted or is about to convert any of the debtor's nonexempt property into money or credits, for the purpose of placing the property beyond the reach of any of debtor's creditors;

Minn. Stat. § 571.93, subd. 1.

Minnesota Statute Section 571.932 provides that, after notice and a hearing, an order for prejudgment garnishment may be issued only if "the creditor has demonstrated the probability of success on the merits, and the creditor has stated facts that show the existence of at least one of the grounds stated in section 571.93, subdivision 1." Minn. Stat. § 571.932, subd. 3.

### B. Plaintiff has failed to establish the existence of grounds for pre-judgment garnishment.

Plaintiff argues that Defendant's request for and receipt of payment from Shock Doctor the day after receiving service of the Summons and Complaint in this action establishes the existence of grounds two and three under Section 571.93, Subdivision 1. Defendant argues that Shock Doctor is a customer with whom Defendant has ongoing business, and that the payment was made in the regular course of that ongoing business. (ECF No. 30, Def.'s Mem at 5.)

The Court finds that Plaintiff has failed to establish the existence of grounds for pre-judgment garnishment under Section 571.93, Subdivision 1. It is undisputed that Defendant

accepted a payment from Shock Doctor, thereby removing assets from the state of Minnesota. However, Plaintiff has failed to assert sufficient facts to establish that Defendant removed those assets with the intent to prevent Plaintiff from collecting a judgment.

With regard to ground two, Plaintiff is required to show that Defendant removed assets from the state of Minnesota "with the intent to delay or defraud" Plaintiff. Minn. Stat. § 571.93, subd. 1(2). Plaintiff has not asserted any facts evidencing such intent. Similarly, with regard to ground three, Plaintiff is required to show that Defendant converted "nonexempt property into money or credits, for the purpose of placing the property beyond the reach" of Plaintiff. Minn. Stat. § 571.93, subd. 1(3). Defendant's acceptance of funds from Shock Jock may have placed those funds outside of Plaintiff's reach by moving them to Thailand. However, Plaintiff has not established that Defendant's request for and acceptance of funds was not part of Defendant's ordinary course of business, but rather was accomplished with the purpose of removing those funds from Plaintiff's reach. Because Plaintiff has failed to show that Defendant acted with the requisite intent, Plaintiff has not established grounds for prejudgment garnishment under Minnesota Statute 571.93. Plaintiff's motion should be denied.

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Prejudgment Garnishment [#11] be **DENIED**.


DATED: July 8, 2011     *s/ Franklin L. Noel*
                        FRANKLIN L. NOEL
                        United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 22, 2011**, written objections

which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 22, 2011** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.